IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF MARYLAND

JEROME ANDREW BURNETT,
    *Plaintiff*,

v.

DISTRICT COURT OF MARYLAND, #10-02,
    *Defendant*

Case No. 25-cv-1291-ABA

**MEMORANDUM OPINION and ORDER**

    Self-represented Plaintiff Jerome Andrew Burnett filed a complaint in April 2025 alleging various violations of his constitutional rights and several federal statutes, including the Americans with Disabilities Act and the Civil Rights Act of 1866. ECF No. 1 at 4, 6.

    Mr. Burnett's complaint alleges that a person identified as State Trooper Jackson conducted a traffic stop "against the Plaintiff" without probable cause. *Id.* at 6. Mr. Burnett states that this traffic stop led to other violations in a court case. *See id.* ("All violations occurred in case no. 000000DV78009 due to State Trooper Jackson's initial violation" of Mr. Burnett's constitutional rights). For example, Mr. Burnett alleges that Defendant—the District Court of Maryland for Carroll County[1] (hereinafter, "Defendant" or "District Court")—violated his First Amendment rights by "not requesting if [he] agreed to 'seal' case no. 000000DV78009 [from] public view" and violated his Fifth

---

[1] Given the address that Plaintiff has provided for the Defendant, *see* ECF No. 2, it appears that Mr. Burnett is referring to the District Court of Maryland for Carroll County, which is in Maryland's Tenth District for District Courts.

1

Amendment right "to have a 'clean' record and no defamation of character." *Id*. Mr. Burnett seeks billions of dollars in damages and other relief. *Id*. at 7.

The Court will, on its own initiative, dismiss the complaint, for multiple reasons. While the Court is mindful of its obligation to liberally construe the pleadings of self-represented litigants, *see Erickson v. Pardus*, 551 U.S. 89, 94 (2007), liberal construction does not mean that this Court can ignore a clear failure to allege facts that set forth a plausible claim, *see Weller v. Dep't of Soc. Servs.*, 901 F.2d 387, 391 (4th Cir. 1990). Even reading the complaint with deference to Plaintiff, the complaint does not assert any cognizable causes of action against the named defendant, the District Court of Maryland for Carroll County.

First, Defendant is not amenable to suit for the alleged constitutional violations because it is not a "person" within the meaning of 42 U.S.C. § 1983, which provides that "[e]very *person* who, under color of any statute, ordinance, regulation, custom, or usage, of any State or Territory . . . subjects, or causes to be subjected, any citizen of the United States or other person within the jurisdiction thereof to the deprivation of any rights, privileges, or immunities secured by the Constitution and laws, shall be liable to the party injured . . . ." (emphasis added). States and their agencies are not subject to § 1983 claims. *See Dryer v. Md. State Bd. of Educ.*, 187 F. Supp. 3d 599, 611 n.16 (D. Md. 2016); *see also Chin v. City of Balt.*, 241 F. Supp. 2d 546, 548 (D. Md. 2003) ("[A] state agency is not a 'person' as the term is used in 42 U.S.C. § 1983 . . . [and] [f]or that reason, a state agency cannot be sued under § 1983.") (citing *Will v. Mich. Dep't of State Police*, 491 U.S. 58 (1989)). Thus Mr. Burnett cannot state a claim against Defendant, a state court, for constitutional violations under § 1983.

2

Second, Plaintiff does not provide simple, concise factual allegations that show a connection between the District Court's actions and the alleged wrongdoing. *See* Fed. R. Civ. P. 8(a) (to state a claim, a pleading must contain "a short and plain statement of the claim showing that the pleader is entitled to relief"). As noted above, Mr. Burnett alleges that (1) State Trooper Jackson conducted a traffic stop without probable cause, (2) the District Court did not request if he had agreed to seal case number 000000DV78009, and (3) the District Court violated his "ability to have a 'clean' record" and defamed his character. ECF No. 1 at 6. Those allegations are insufficient to support any of Plaintiff's constitutional or statutory claims against the District Court. *See Ashcroft v. Iqbal*, 556 U.S. 662, 678 ("a complaint must contain sufficient factual matter, accepted as true, to state a claim to relief that is plausible on its face") (internal quotation omitted). *See also Veney v. Wyche*, 293 F.3d 726, 730 (4th Cir. 2002) (court is not required to accept as true allegations that are merely conclusory). Accordingly, the complaint is dismissed under Federal Rule of Civil Procedure 12(b)(6) for failure to state a claim. The absence of any cognizable violation of federal law, and the absence of diversity of citizenship, also means the Court lacks subject matter jurisdiction; accordingly, the complaint will be dismissed under Federal Rule of Civil Procedure 12(b)(1) as well. *See Chong Su Yi v. Soc. Sec. Admin.*, 554 F. App'x 247, 248 (4th Cir. 2014) ("because a court lacks subject matter jurisdiction over an obviously frivolous complaint, dismissal prior to service of process is permitted.").

Along with his complaint, Mr. Burnett has filed a motion for leave to proceed *in forma pauperis*. ECF No. 2. The motion is moot in light of the dismissal. Likewise, because the Court lacks subject matter jurisdiction over the complaint, the Court will not decide the other motions pending in this case. *See* ECF No. 8 ("Motion for Federal

Rule 5.1 of 2006 and Amended in 2007/Request waived/deferred cost for Maryland Assessments and Taxation paperwork and waive Public Access to Court Electronic Records (PACER) cost"); ECF No. 12 (same); ECF No. 18 ("Motion Pursuant to Local Rule 102 of 2023 and 47 Code of Federal Regulation (CFR) § 1.49 – Specifications as to Pleadings and Documents of 1975 amended 2020/Motion Pursuant to Federal Rule 5.1 Constitutional Challenge of 2—6 Amended 2007/Motion Request for Clerk of Court or Deputy Clerk to Sign and "Seal" Summons for U.S. Attorney General and U.S. Attorney"); ECF No. 21 ("Motion Request Pursuant to Federal Rule 4 – Summons of 1938 amended 2016). Those motions will also be dismissed as moot.

## ORDER

For the reasons stated above, it is hereby ordered:

1. the complaint (ECF No. 1) is DISMISSED with prejudice;
2. the motion for leave to proceed *in forma pauperis* (ECF No. 2) is DENIED as moot;
3. the other pending motions (ECF Nos. 8, 12, 18, 21) are likewise DENIED as moot; and
4. the Clerk of Court shall CLOSE the case.

Date:  August 4, 2025                                    _____/s/_____
                                                                    Adam B. Abelson
                                                                    United States District Judge