IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF MARYLAND

JEROME ANDREW BURNETT,
    *Plaintiff*,

v.

DISTRICT COURT OF MARYLAND,
#10-02,
    *Defendant*.

Case No. 25-cv-1291-ABA

**MEMORANDUM OPINION AND ORDER**

Plaintiff Jerome Burnett has filed a motion for reconsideration of this Court's August 4, 2025 order dismissing his complaint and several other related motions. For the following reasons, the Court will deny Burnett's motion for reconsideration and deny the other motions as moot.

**I.    BACKGROUND**

Burnett's complaint, which was filed in April 2025, brought statutory and constitutional claims against the District Court of Maryland for Carroll County. ECF No. 1 at 6. This Court dismissed the complaint on August 4, 2025 for two reasons. First, the Court dismissed Burnett's claims under 42 U.S.C. § 1983 because state courts and agencies are not amenable to such claims. ECF No. 26 at 2. Second, the Court dismissed Burnett's remaining claims under Federal Rule of Civil Procedure 8(a) for failure to "provide simple, concise factual allegations that show a connection between the District Court's actions and the alleged wrongdoing." *Id*. at 3. This dismissal was also on subject matter jurisdiction grounds, because Burnett failed to plead any cognizable violation of federal law or diversity of citizenship. *Id*. Burnett filed a motion for reconsideration on

1

August 8, 2025. ECF No. 27. Mr. Burnett has also filed a motion to issue summons (ECF No. 28), two supplements to his complaint (ECF Nos. 29 and 30), a supplement to his motion for reconsideration (ECF No. 32), a motion to compel (ECF No. 33), and a motion to enforce judgment (ECF No. 34).

## II.    DISCUSSION

Burnett's motion for reconsideration is difficult to follow, but refers to both Rule 59(e) and Rule 60. ECF No. 27 at 2. The Court remains mindful of its obligation to liberally construe the pleadings and papers of self-represented litigants, *see Erickson v. Pardus*, 551 U.S. 89, 94 (2007), but, even so, Burnett is not entitled to relief under either Rule 59 or Rule 60.

### A.    Rule 59(e)

Rule 59(e) allows for a "motion to alter or amend a judgment." Fed. R. Civ. P. 59(e). "It is an extraordinary remedy that should be applied sparingly." *Mayfield v. Nat'l Ass'n for Stock Car Auto Racing, Inc.*, 674 F.3d 369, 378 (4th Cir. 2012). A "Rule 59(e) motion 'need not be granted unless the district court finds [1] that there has been an intervening change of controlling law, [2] that new evidence has become available, or [3] that there is a need to correct a clear error or prevent manifest injustice.'" *Nicholson v. Durant*, -- F.4th ---, Case No. 24-1789, 2025 WL 3674710, at *3 (4th Cir. Dec. 18, 2025) (quoting *Robinson v. Wix Filtration Corp. LLC*, 599 F.3d 403, 411 (4th Cir. 2010)).

Burnett has not shown an entitlement to relief on any of these three grounds. Burnett does not cite any intervening change of law. Although Burnett has provided what he characterizes as supplements to the complaint, ECF Nos. 29 and 30, which the Court has reviewed, neither of these documents contains any new evidence. And even if the Court were to allow Burnett to incorporate these supplements into his complaint

2

retroactively, the supplements would not change the analysis in the Court's original opinion dismissing the case. They still fail to contain short and plain allegations of fact explaining why Burnett is entitled to relief. Burnett's motion also fails to explain why the Court's prior opinion contains a clear error or must be amended to prevent manifest injustice. Instead, to the extent the motion to reconsider makes any argument, it appears Burnett simply disagrees with the previous opinion. But "[m]ere disagreement does not support a Rule 59(e) motion." *Nicholson*, 2025 WL 3674710, at *3 (quoting *Hutchinson v. Staton*, 994 F.2d 1076, 1081–82 (4th Cir. 1993)). To the extent Burnett has moved under Rule 59(e), his motion is denied.

### B. Rule 60(b)

Burnett's argument fares no better under Rule 60. Burnett's motion cites Rule 60 generally. Rule 60(a), which pertains to "clerical mistakes" and related errors, is not implicated here. Rule 60(b) allows a court to "relieve a party . . . from a final judgment, order, or proceeding" for one of six reasons:

1. mistake, inadvertence, surprise, or excusable neglect;
2. newly discovered evidence that, with reasonable diligence, could not have been discovered in time to move for a new trial under Rule 59(b);
3. fraud (whether previously called intrinsic or extrinsic), misrepresentation, or misconduct by an opposing party;
4. the judgment is void;
5. the judgment has been satisfied, released, or discharged; it is based on an earlier judgment that has been reversed or vacated; or applying it prospectively is no longer equitable; or
6. any other reason that justifies relief.

Fed R. Civ. P. 60(b). "[T]o obtain relief from a final judgment under Rule 60(b), one of the six grounds enumerated must be satisfied." *Daulatzai v. Maryland*, 97 F.4th 166,

3

178 (4th Cir. 2024). "Like a 59(e) motion, Rule 60 provides for an extraordinary remedy that should not be awarded except under exceptional circumstances." *Mayfield*, 674 F.3d at 378.

Burnett's motion has not satisfied any of these six factors. His motion does not coherently explain how any of the first five factors would apply. The Court's own review of the prior opinion and Burnett's submissions does not reveal any basis for relief on the first five grounds either. Although Rule 60(b)(6) provides a "catchall" basis, it requires "a showing of 'extraordinary circumstances'" to warrant relief. *Daulatzai*, 97 F.4th at 178 (quoting *Kemp v. United States*, 596 U.S. 528, 533 (2022)). Burnett has not made a showing of extraordinary circumstances, and has not explained why he is entitled to relief from the prior order. His motion will be denied to the extent it moves for relief under Rule 60(b).

### III.   CONCLUSION AND ORDER

For the foregoing reasons, it is hereby ORDERED as follows:

1. Plaintiff's motion for reconsideration (ECF No. 27) is DENIED.
2. Plaintiff's other motions (ECF Nos. 28, 33, and 34) are DENIED as moot.
3. The Clerk of Court is directed to mark this case as CLOSED.

Date:  January 22, 2026

 /s/
Adam B. Abelson
United States District Judge